UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

RUBY SOSA,

    Plaintiff,
vs.

CARNIVAL CORPORATION,
a foreign corporation,

    Defendant.
_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, RUBY SOSA, by and through her undersigned counsel, and pursuant to all applicable Federal Rules of Civil Procedure, hereby files her Complaint against Defendant, CARNIVAL CORPORATION, a foreign corporation, and alleges the following:

### JURISDICTION AND VENUE

1. This is an action for negligence seeking damages in excess of seventy-five thousand dollars ($75,000.00), arising from an injury to RUBY SOSA ("Plaintiff") that occurred on April 27, 2017, on the *M/V Carnival Freedom*, a vessel owned and operated by Defendant, CARNIVAL CORPORATION ("Carnival").

2. Pursuant to 28 U.S.C. § 1333, this Court has jurisdiction over this matter as it arises out of a maritime and admiralty claim and is controlled by the federal general maritime law of the United States.

3. Plaintiff also asserts all claims arising and relating to Florida state law under the Savings to Suitors Clause of 28 U.S.C. § 1333(1).

4. Venue is proper in this Court pursuant to the passenger ticket contract issued by Defendant

that contains a forum selection clause requiring all disputes arising out of and in connection with the subject cruise be litigated in the United States District Court for the Southern District of Florida, Miami Division.

5. At all material times, Plaintiff, RUBY SOSA, was and is a citizen of the United States and was and is a resident of the State of Texas, and at all material times hereto was and is *sui juris*. As a result, diversity jurisdiction exists in this case pursuant to 28 U.S.C. § 1332.

6. This Court has personal jurisdiction over CARNIVAL because Defendant has, at all times relevant to this cause of action, through its agents, officers, distributors, and/or representatives:

   a. Operated, conducted, engaged in, and/or carried on a business venture in Florida and has an office in Florida;

   b. Used, possessed, or held a mortgage or other lien on real property within Florida; and/or

   c. Engaged in substantial and not isolated activities within Florida by maintaining stores, offices, employees, distributors, and/or registered agents in Florida, selling products in Florida, advertising products in Florida, or entering into contracts in Florida.

   d. Additionally, pursuant to its ticket contract, Defendant submits itself to the jurisdiction of this Court.

7. That all times material hereto, the Defendant, CARNIVAL, was and is a foreign corporation, with its principal place of business in Miami-Dade County, Florida, and was and is a business entity and common carrier engaged in the passenger cruise business.

## FACTUAL ALLEGATIONS

8. On or about April 27, 2017, the Plaintiff, RUBY SOSA, was lawfully and properly a fare-paying passenger and business invitee on board the vessel *M/V Carnival Freedom*.

9. On April 27, 2017, after entering the buffet area, Plaintiff slipped and fell due to a large puddle of water on the floor, sustaining severe injuries.

10. There were no warning signs, cones, barriers, or crew members in the buffet area to warn Plaintiff of the wet and dangerously slippery floor.

11. The water on the floor of the buffet area existed for a sufficient amount of time that Defendant should have taken corrective measures to remedy the dangerous condition.

12. There were several passengers and crewmembers observed in and around the area, who should have taken steps to remedy the dangerous condition or otherwise warn Plaintiff of the dangerous condition.

13. Upon information and belief, Defendant CARNIVAL was warned of the existence of water on the floor of the buffet area prior to this incident and failed to remedy the dangerous condition.

## COUNT I – NEGLIGENCE

14. Plaintiff realleges and hereby incorporates paragraphs 1 through 13, and further alleges:

15. At all times material hereto, the Defendant, CARNIVAL, owed a duty to Plaintiff to use reasonable care under the circumstances in maintaining the premises of the *M/V Carnival Freedom* in a reasonably safe condition, and operating the vessel in a reasonably safe manner.

16. Defendant knew or should have known of the dangerous and unsafe conditions alleged above, and Defendant failed to take reasonable steps to correct the hazards or to warn

Plaintiff of the hazards.

17. Defendant knew, or in the exercise of reasonable care should have known, that its passengers and business invitees, including Plaintiff, would encounter the unsafe wet and slippery floor in the normal course of their usage of the vessel's facilities. Defendant, therefore, had a duty to warn of any dangerous conditions said invitees would encounter during normal usage. *Samuelov v. Carnival Cruise Lines, Inc.*, 870 So. 2d 853, 856 (Fla. 3d DCA 2003) (property owner has a duty to warn of dangerous conditions that the owner has reason to believe its business invitees will encounter regardless of open and obvious nature of the condition).

18. Defendant breached its duty owed to Plaintiff by committing one or more of the following acts and/or omissions, and/or was negligent in the operation, maintenance, and control of the *M/V Carnival Freedom* in the following respects:

    a. Failing to exercise reasonable care for the safety of its passengers, including Plaintiff, and creating a dangerous condition in the buffet area;

    b. Failing to provide a reasonably safe floor surface for its passengers that is reasonably designed for the safety of its passengers, including but not limited to utilizing a floor surface that Defendant knows does not contain an adequate coefficient of friction;

    c. Failing to maintain the floor in the buffet area in reasonably safe condition for use by its passengers, including Plaintiff;

    d. Failing to properly inspect the floor in the buffet area prior to the incident in question;

    e. Failing to take corrective measures within a reasonable amount of time upon

      noticing the dangerous condition;

    f. Failing to warn passengers, including Plaintiff, whom Defendant knew or should have known would be traversing the buffet area, of the dangerous condition that existed;

    g. Failing to place warning signs, cones, or to station a crew member to warn passengers of the danger of the wet floor;

    h. Allowing a dangerous condition to exist notwithstanding prior incidents involving similar slip and falls aboard the *M/V Carnival Freedom* and other vessels in Defendant's fleet of cruise ships containing similar flooring surfaces;

    i. Failing to adequately investigate and address prior and subsequent incidents involving similar circumstances aboard the *M/V Carnival Freedom* and other vessels in Defendant's fleet of cruise ships;

    j. Failing to utilize a properly functioning drain in the buffet area;

    k. Selecting a flooring that was unreasonably dangerous and slippery; and

    l. Other acts of fault and negligence that will be proven at trial.

19. The dangerous condition existed for a sufficient amount of time that Defendant knew or should have known of the danger and should have taken corrective measures to remedy the dangerous condition in a timely manner. Defendant was on actual or constructive notice of the presence of said dangerous condition.

20. Defendant was also on constructive notice of the unsafe condition in that it chose an unsafe design of the area in question, including a floor design without a proper coefficient of friction, thereby causing the floor to be unreasonably slippery when water accumulates. Defendant knew or should have known that the buffet floor area would become wet, and

knew that passengers and business invitees are expected to traverse the area. Said negligent selection and design make Defendant liable for creating the unreasonably dangerous condition that caused Plaintiff's injuries.

21. Defendant further chose a dangerous design in failing to place a proper drainage system in the buffet area, where water was expected to accumulate. Defendant knew or in the exercise of due care should have known that the accumulation of water on a slippery floor would cause the floor to become unreasonably slippery, foreseeably injuring passengers and/or business invitees who were expected to traverse the area. Said negligent selection and design of the area makes Defendant liable for creating the dangerous condition that caused Plaintiff's injuries.

22. Defendant, at all times material hereto, had a non-delegable duty as a ship owner to comply with the International Safety Management (ISM) Code, which requires vessel operators to establish safeguards against identified risks aboard vessels, such as slipping hazards, including an unreasonably dangerous floor that lacks a sufficient coefficient of friction to prevent serious injury when wet.

23. Upon information and belief, and based on the unreasonably dangerous condition of the slippery flooring in a high traffic area, several passengers had slipped and fallen prior to the incident involving Plaintiff, or experienced "near misses," on the same or similar flooring, or on similar floors throughout Defendant's fleet of vessels, and Defendant and/or its crew members were well aware of this information.

24. Due to its negligence, Defendant directly and proximately caused injuries and damages to Plaintiff, which are continuing and permanent in nature, as follows:

    a. Plaintiff sustained and will continue to suffer bodily injuries and mental pain

  and suffering, disability, disfigurement, physical impairment, inconvenience, loss of capacity for the enjoyment of life, lost wages, and diminished earning capacity;

 b. Plaintiff has incurred medical, hospital, nursing, therapy, and pharmaceutical expenses and will continue to incur such expenses as long as her condition continues; and

 c. Plaintiff suffers aggravation of a pre-existing condition.

25. All conditions precedent to filing this lawsuit have been complied with or waived.

26. Plaintiff hereby demands a trial by jury as to all issues so triable as a matter of law.

**WHEREFORE**, Plaintiff, RUBY SOSA, demands judgment for damages against the Defendant, CARNIVAL, in an amount in excess of seventy-five thousand dollars ($75,000.00), costs, interest, attorneys' fees, and demands a trial by jury, and such other and further relief as the Court deems just and proper, both in law and in equity.

Respectfully submitted this 14th day of March, 2018.

BILLERA LAW, PLLC
*Attorneys for Plaintiff*
2201 NW Corporate Blvd., Suite 201
Boca Raton, FL 33431
Telephone: (561) 218-4639
Facsimile: (561) 826-7847
Maritime@billeralaw.com

By: __*/s/ Jessica Quiggle*_____
  JESSICA QUIGGLE, ESQ.
  Florida Bar No.: 107051