UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20957-CIV-ALTONAGA/Goodman

**RUBY SOSA**,

    Plaintiff,
v.

**CARNIVAL CORPORATION**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court at a January 3, 2019 Hearing [ECF No. 104] on Defendant's Motion to Strike Plaintiff's Expert [ECF No. 85]; Plaintiff's Motion in Limine [ECF No. 83]; Defendant's Omnibus Motion in Limine [ECF No. 87]; and Defendant's Objection of Magistrate Judge Order on Motion for Sanctions [ECF No. 96]. For the reasons stated in open court, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Strike Plaintiff's Expert [ECF No. 85] is **DENIED**. Should Plaintiff wish to have Dr. Fulp testify at trial, Plaintiff shall make Dr. Fulp available for deposition at a mutually convenient date and time before trial. Plaintiff shall bear the costs for the deposition.

2. Plaintiff's Motion in Limine **[ECF No. 83]** is **GRANTED in part** and **DENIED in part** as follows:

   a. Plaintiff's Motion is **DENIED** as to Defendant's expert's testimony that Plaintiff's surgical recommendations are "inappropriate" or "unnecessary."

CASE NO. 18-20957-CIV-ALTONAGA/Goodman

    b. Plaintiff's Motion is **DENIED** as to evidence regarding Plaintiff's smoking and alcohol consumption.

    c. Plaintiff's Motion is **DENIED** as to evidence regarding Defendant's experts' hearsay testimony as described in the Motion.

    d. Plaintiff's Motion is **DENIED** as to evidence regarding whether Plaintiff's treating physicians used Letters of Protection.

    e. Plaintiff's Motion is **DENIED** as to testimony or argument regarding whether eyewitnesses were paid for their testimony.

    f. Plaintiff's Motion is **GRANTED in part**. Defendant is precluded from referencing, insinuating, or arguing that any of Plaintiff's employees were undocumented immigrants. Defendant's counsel may question Plaintiff *outside the jury's presence* regarding her possible employment of undocumented immigrants.

    g. Plaintiff's Motion is **DENIED** as to Mr. Djusic's testimony at trial. Should Defendant wish to have Mr. Djusic testify at trial, it shall make him available for deposition at a mutually convenient time and date before trial. Defendant shall bear the costs for the deposition.

3. Defendant's Omnibus Motion in Limine **[ECF No. 87]** is **GRANTED in part** and **DENIED in part** as follows:

    a. The Motion is **DENIED without prejudice** as to evidence, testimony, or argument regarding Plaintiff's spoliation claim. The request is premature; Judge Goodman's Order **[ECF No. 82]** instructs Plaintiff to decide whether she intends to admit spoliation evidence by **February 5, 2019**. (*See id.* 50).

2

    b. The Motion is **DENIED** as to specific references to a purported leaking ceiling to show Defendant was on notice. Plaintiff may not admit this testimony for the truth of the matter asserted. Defendant may supply the Court with a sample curative jury instruction limiting the admissibility of the testimony.

    c. The Motion is **DENIED without prejudice** as to evidence of the four alleged prior incidents. Should Defendant continue to doubt the substantial similarity of the prior incidents, it may provide additional evidence uniquely in its custody and possession for the Court's review *in camera*. At that point, the Court may reconsider this holding.

    d. The Motion is **DENIED** as to references to amounts billed or paid by collateral sources as it is expressly foreclosed by the parties' agreement as set forth in the June 6, 2018 Order **[ECF No. 22]**.

    e. The Motion is **DENIED** as to evidence referencing Plaintiff's financial resources to the extent it would respond to Defendant's evidence regarding Plaintiff's entry into Letters of Protection with her treating physicians.

    f. The Motion is **GRANTED** as to evidence referencing Defendant's financial wealth or disparity in resources.

    g. Defendant's unopposed requests for relief were unnecessarily included in the Motion and consequently not addressed at the hearing (*see* Mot. 14–18).

4. Defendant's Objections to Order on Plaintiff's Spoliation Sanctions Motion **[ECF No. 96]** is **DENIED without prejudice**. Should Defendant wish to file a

CASE NO. 18-20957-CIV-ALTONAGA/Goodman

motion for reconsideration before Magistrate Judge Goodman, it may request such relief from Judge Goodman directly.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of January, 2019.

_____
**CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE**

cc:   counsel of record